UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jeffery L. Howard, | CASE NO. 3:13cv580 |
| Plaintiff, | Judge Jeffrey J. Helmick |
| v. | |
| | MEMORANDUM OPINION |
| | & ORDER |
| Management Training Corp., et al., | |
| Defendants. | |

On January 30, 2013, *pro se* plaintiff Jeffery L. Howard sued defendants Management Training Corporation, McKalee Weidner, Kasey Morris, Donna Strine, Neil Turner and Jane Doe in the Marion County Court of Common Pleas. *Howard v. Management Training*, Case No. 2013CV0073 (Ct. Com. Pl. Marion Cnty.)(Finnegan, J.) Plaintiff, a state prisoner incarcerated at North Central Correctional Complex ("NCCC") in Marion County, Ohio, alleged the defendants failed to act, retaliated against him and denied his right to both due process and free speech in violation of the First and Fourteenth Amendments. He sought injunctive relief and $150.00 in damages from each defendant pursuant to 42 U.S.C. § 1983. On the same date he filed his complaint, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.

A Notice of Removal was filed by the defendants to remove the case to the United States District Court for the Northern District of Ohio on March 18, 2013, pursuant to 28 U.S.C. §1441(b).[1]  Defendants aver that they were served a summons and complaint for the action on March 14, 2013.  Thus, the Notice was timely filed in this Court within thirty days of service of the Complaint. *See* 28 USC §1446(b).

---
[1] Effective that date, this Court assumed exclusive jurisdiction over the matter. *See* 28 U.S.C. §1446(d).

1

### I. REMOVAL PROPER

Contrary to the defendants' consistent assertions, this action does not support removal based on 28 U.S.C. §1441(b). Subsection (b) addresses removal based on a federal court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The parties named in this action all appear to be located in Ohio and the amount in controversy is well below $75,000.00. *See* 28 U.S.C. § 1332(a). To the extent the defendants do argue that removal of this action was proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Court will presume the defendants seek to remove this action pursuant to 28 U.S.C. § 1441(a).

It is mandated by statute that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Moreover, this Court has jurisdiction over "any civil action authorized by law to be commenced by any person…[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights..." 28 U.S.C. § 1343(a)(4). In the Complaint, Plaintiff explicitly seeks relief pursuant to 42 U.S.C. § 1983. In addition, he alleges the defendants are violating his Constitutional rights and he seeks both monetary damages and injunctive relief. For these reasons, I find the matter was properly removed from the Court of Common Pleas, Marion County, Ohio pursuant to 28 U.S.C. § 1441(a).

Now before the Court is Plaintiff's Motion for Temporary Restraining Order filed contemporaneously with his Complaint. He seeks an Order from this Court directing the NCCC to immediately reinstate him to his position as legal aid/clerk. He alleges he was removed from this position after he filed a grievance against the prison librarian. The facts also suggest Plaintiff insisted he needed to use the library typewriter to draft kites for fellow inmates. When the librarian questioned his need to use the typewriter he stated that prisoner kites are often difficult to read because of illegible handwriting or extensive misspellings. He claims the librarian laughed at his

response. Since that exchange, Plaintiff is no longer in his position as a legal aid/clerk. For the reasons outlined below, I find injunctive relief is not warranted at this time.

## II. PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

The Sixth Circuit has explained that "the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo. *See Motor Vehicle Board of California v. Orrin W. Fox, et al.*, 434 U.S. 1345, 1347 n. 2 (1977). If the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined, then there is cause to preserve the status quo. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

A court considers four factors in determining whether to grant injunctive relief: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). A court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "[An injunction] is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(quotations and citations omitted). In balancing the four considerations applicable to TRO decisions, I find equitable relief is not warranted.

With regard to the likelihood of success of the underlying Complaint, Plaintiff has not set

forth a compelling argument. As a general rule, prisoners have no right to be assigned to work at, or to continue working, at a particular job. *See Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir. 1989)(prisoner does not have a constitutional right to prison employment or a particular prison job); *Kantamanto v. King*, 651 F. Supp. 2d 313 (E.D. Pa. 2009) (granting summary judgment to defendants on plaintiff's U.S. CONST. AMEND. XIV Due Process claim, alleging termination from his job at the prison law library in retaliation for writing an article critical of prison conditions.)

To state a cognizable claim under the Due Process clause a plaintiff must have either a liberty or a property interest in his law library job assignment. *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992). Because Plaintiff has alleged neither interest in his pleading, the facts alleged in his motion for a restraining order do not give rise to a claim for relief under the Constitution. Thus, it is not necessary to address the remaining elements of his Motion. *See Six Clinics*, 119 F.3d at 399. Plaintiff has not stated any basis upon which this Court should find he has a liberty interest in retaining the position from which he was removed.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. The Court retains jurisdiction of this matter for further proceedings. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

So Ordered.

    s/ Jeffrey J. Helmick
*United States District Judge*

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."