UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeffery L. Howard, | ) | CASE NO. 3:13cv580 |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| Management Training Corp., et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Jeffery L. Howard has filed the following three motions pending before me: (1) "Motion to Amend Complaint for Injunctive and Damage Relief" (Doc. No. 41), filed November 26, 2012; (2) "Motion Pursuant to Rule 59(e) to Alter, Amend" (Doc. No. 42), filed November 26, 2012 ; and, (3) "Motion (Request) for an Indicative Ruling on Motion for Relief" (Doc. No. 44) filed December 23, 2013.

Having reviewed the parties' respective submissions, I find the matters ripe for resolution without oral argument. *See* Civil L.R. 7.1(g). For the reasons that follow, both the Motion to Amend and Rule 59 (e) Motion are dismissed for lack of jurisdiction, and the Motion for Ruling is dismissed as moot.

On September 11, 2012, I granted Plaintiff's Request for Leave to [Supplement] Complaint (Doc. No. 26), denied his Motion for Reconsideration/Alter or Amend Judgment (Doc. No. 31), granted the defendants' Motion for Judgment on the Pleadings (Doc. No. 9) and dismissed the Complaint, as amended. Less than thirty days later, Plaintiff filed a timely Notice of Appeal on October 3, 2012, challenging my September 11, 2012 judgment.

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *Davis v. United States.*, 667 F.2d 822, 824 (9th Cir.1982). A district court does

1

retain jurisdiction, however, if a timely motion under Rule 59(e) is pending at the time a notice of appeal is filed. *See* Fed. R.App. P. 4(a)(4)(B)(i); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, (1982); (holding "notice of appeal is jurisdictionally ineffective if filed before disposition of a Rule 59(e) motion to alter or amend the judgment). At the time Plaintiff filed his Notice of Appeal there was no pending Motion to Alter or Amend. For Plaintiff to timely file a Rule 59(e) motion, he would have needed to file it within 28-days of the entry of my September 11, 2012 judgment, or no later than October 9, 2012. *See* Fed.R.Civ.P. 59(e). Plaintiff filed his Rule 59(e) Motion on November 26, 2012, well after the 28 day deadline, and I cannot extend that 28 day period. *See* Fed.R.Civ.P. 6(b)(2) (providing "[district] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b))." Without jurisdiction over this action, I cannot grant Plaintiff's requested relief. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.").

Based on the foregoing, Plaintiff's Motion to Amend(Doc. No. 41) and Rule 59 (e) Motion (Doc. No. 42) are dismissed for lack of jurisdiction, and the Motion for Ruling (Doc. No. 43) is dismissed as moot. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**So Ordered.**

s/Jeffrey J. Helmick
*United States District Judge*

---

[1] 28 U.S.C. § 1915(a)(3) provides: "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

2